Justices ZAPPALA and SAYLOR concur in the result.

■

**Allen N. BRUNWASSER, Petitioner,**

v.

**John E. STEINER, Respondent.**

Supreme Court of Pennsylvania.

March 1, 2000.

## *ORDER*

PER CURIAM:

**AND NOW,** this 1st day of March, 2000, the Petition for Rehearing, Reconsideration and Stay of Mandate is denied. Pursuant to Pa.R.A.P. 2744 and the Directive to Pa.R.A.P. 3305 issued by this Court on August 28, 1998, at No. 114 Appellate Court Rules Docket No. 1, the Respondent's Application for Sanctions is granted and reasonable attorney's fee of $1,000 is assessed against Petitioner. In the event Petitioner fails to pay the amount of all judgment(s), awards(s), costs, fees, and in-terest due to Respondent on or before March 3, 2000, the Prothonotary is directed to enforce the liability of the surety on the bond in accordance with Pa.R.A.P. 1734(c) without need of further application by Respondent.

It is further ordered that the Prothonotary shall not accept any further pleading, petition, application, or other document from Petitioner relating to the matter docketed in the Allegheny County Court of Common Pleas at No. GD88–17478 or at No. 10271 of 1988 unless Petitioner first seeks and obtains permission from the Court to make such filing. See No. 542 W.D. Alloc. Dkt.1992 (filed October 29, 1993).

Chief Justice FLAHERTY joins in denying the Petition for Rehearing, Reconsideration and Stay of Mandate, but would remand the matter to the common pleas court for consideration of the Respondent's Application for Sanctions.

■

**The BIRTH CENTER**

v.

**The ST. PAUL COMPANIES, INC., Sharon Dawson–Coates and Al Afonso.**

**Petition of St. Paul Companies, Inc.**

Supreme Court of Pennsylvania.

March 1, 2000.

Thomas P. Wagner, Joshua Bachrach, Carl D. Buchholz, Philadelphia, for petitioner.

## ORDER

PER CURIAM:

AND NOW, this 1st day of March, 2000, we **GRANT** the Petitions for Allowance of Appeal and we **LIMIT** the appeals to the following issues:

a. Whether the insurer's payment of the excess verdict precludes insured from maintaining a bad faith action;

b. Whether the trial court properly charged the jury on a breach of contract theory based on the insurer's bad faith conduct; and,

c. Whether compensatory damages are recoverable in a bad faith action.